IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**

**JOHN K. McCUAN,**

    **Defendant.**                           **Case No. 04-cr-40049-DRH**

## ORDER

**HERNDON, District Judge:**

On February 21, 2007, the Court again conducted a competency hearing pursuant to **18 U.S.C. § 4247(d)**, to determine whether defendant McCuan is competent to stand trial in the above-captioned criminal proceedings. To be competent to stand trial, a defendant must have: (1) an ability to understand the nature and consequences of the proceedings against him; and (2) an ability to assist properly in his defense. **18 U.S.C. § 4241(d)**. The Court must find competency by a preponderance of the evidence. ***Id.***

The Court has reviewed both the June 8, 2006 and the November 22, 2006 Forensic Report regarding defendant McCuan, both prepared by James K. Wolfson, M.D., who is the Staff Psychiatrist for the U.S. Medical Center for Federal Prisoners, located in Springfield, Missouri. As both parties stipulated at the hearing to the content of these reports (but defendant McCuan objects to the conclusions),

testimony from Dr. Wolfson was not solicited. However, the Court did observe defendant McCuan, who also spoke on his own behalf and answered questions posed by his own counsel, the Government and the Court. The Government also submitted an exhibit during the hearing, which was a batch of letters previously written by defendant McCuan, used to support its argument that he is still mentally incompetent.

Having considered the evidence and agreeing with the findings of Dr. Wolfson, the Court determined that defendant McCuan might be competent to stand trial if he were taking the appropriate medication for his mental condition. Defendant McCuan indicated during the hearing that he was not currently taking any medication. Therefore, the Court asked defendant McCuan if he would be willing to agreed to voluntarily take the medication prescribed by his treating psychiatrists in order to become (and remain) competent throughout the trial proceedings. Defendant McCuan agreed to do so on a trial basis.

Therefore, it is the Court's finding that defendant McCuan is currently not mentally competent to stand trial, as he is currently suffering from a mental disease, which renders him unable to truly understand the nature and consequences of the proceedings against him and to assist properly in his defense. Accordingly (and with defendant McCuan's consent), pursuant to **18 U.S.C. § 4241(b)**, defendant McCuan is hereby committed to the custody of the Attorney General. The Attorney General shall hospitalize defendant McCuan for treatment in a suitable facility for such a reasonable period of time, not to exceed four months, as necessary to

determine whether there is a substantial probability that in the foreseeable future defendant McCuan will attain the mental competency to permit the trial to proceed. Hospitalization is necessary so that defendant McCuan may receive the appropriate anti-psychotic medications in order to determine whether it will allow him to be declared mentally competent to stand trial.

The **Government** is also directed to provide the Court with a **STATUS REPORT** regarding defendant McCuan's competency by **June 21, 2007.**

**IT IS SO ORDERED.**

Signed this 21st day of February, 2007.

/s/      David   RHerndon
**United States District Judge**