IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**

**JOHN K. McCUAN,**

    **Defendant.**                                     **Case No. 04-cr-40049-DRH**

### MEMORANDUM & ORDER

**HERNDON, District Judge:**

      Before the Court is Defendant's Motion for Leave to Grant Extension to File Notice of Appeal (Doc. 74). The Motion, having been fully briefed by the parties pursuant to the Court's expedited briefing schedule, is now ripe for fuling. Defendant's Motion is made pursuant to **FEDERAL RULE OF APPELLATE PROCEDURE 4(b)(4)** (dealing with motions for extension of time in criminal cases), which states, "[u]pon a finding of excusable neglect or good cause, the district court may--before or after the time has expired, with or without motion and notice--extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)."

      The Court entered its order finding Defendant mentally incompetent on February 21, 2007 (Doc. 61). He thereafter had 10 days to appeal, in accordance with **FEDERAL RULE OF APPELLATE PROCEDURE 4(b)(1)(A)**. The instant Motion (Doc. 74) regards a *pro se* Notice of Appeal (*see* Doc. 63), which was dated March 1, 2007,

within the 10-day time window. However, it is unclear exactly when the Notice was *mailed*, as there appears to be no attached certificate of mailing. Defendant further claims that the envelope that his Notice was mailed in was inadvertently destroyed either by the clerk's office for the appellate court or the clerk's office for this Court. Yet, the file-stamp shows that the Notice *was* received by the Clerk's office within the 30 days proscribed by **Rule 4(b)(4)**. The Government opposes the request for an extension of time, arguing that Defendant did not comply with the requirements of **Rule 4(c)(1)** (commonly known as the "mailbox rule"),[1] as he failed to provide a declaration or notarized statement setting forth the date of deposit and assertion that it was first class postage. Thus, as he cannot prove he filed his Notice within the 10-day period, he must seek this ext of time under **Rule 4(b)(4)**.

To support his request, Defendant argues good faith and excusable neglect due to the fact that his CJA counsel at trial level believed that an interlocutory appeal was not allowed (*see* Doc. 74, Ex. C), but Defendant cites case law supporting his assertion that the court's finding of competency or lack thereof is immediately appealable. **See *United States v. Rinaldi*, 351 F.3d 285, 288 (7th Cir. 2003)(finding appellate jurisdiction to consider interlocutory appeal of trial**

---

[1] **FEDERAL RULE OF APPELLATE PROCEDURE 4(c)(1)** states:

> If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

court's order of commitment for psychiatric examination [of the defendant's], as the "requirements of the collateral order doctrine were easily satisfied")(citing *Stack v. Boyle*, 342 U.S. 1, 4 (1951). Defendant argues that this effective "abandonment" by his trial-level counsel, who believed no appeal was allowed, shows excusable neglect for his late *pro se* Notice of Appeal.[2] He cites largely to *United States v. McKenzie*, 99 F.3d 813, 816 (7th Cir. 1996) and *United States v. Kaden*, 819 F.2d 813, 816 (7th Cir. 1987) in support. The Government opposes, stating that an attorney's ignorance of the law does not constitute "excusable neglect," citing to *United States v. Dumont*, 936 F.2d 292 (7th Cir. 1991). However, *Dumont* appears to refer more specifically to an attorney's misunderstanding of a procedural rule stating when an appeal can be filed (such as **Rule 4(b)(4)** itself), rather than substantive law, as is the case here. Conversely, *McKenzie* and *Kaden* seem more analogous to this case and support a finding of abandonment. These cases are further joined by the Seventh Circuit's findings in *Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994), which, although dealing with a § 2255 ineffective assistance of counsel claim, stated:

> If the defendant told his lawyer to appeal, and the lawyer dropped the ball, then the defendant has been deprived, not of effective assistance of counsel, but of *any* assistance of counsel on appeal. Abandonment is a *per se* violation of the sixth amendment.

---

[2] For clarification, the instant Motion was filed on Defendant's behalf by his appointed appellate counsel and not his CJA-appointed trial counsel.

> \*\*\*
> Every court that has squarely confronted this question since *Penson* has held that failure to take an appeal, despite the defendant's request, is ineffective assistance without regard to the probability of success on appeal. [collecting cases]
> \*\*\*
> A lawyer need not appeal unless the client wants to pursuant that avenue . . . . Only a failure to appeal a judgment that the defendant desires to appeal is problematic. If the defendant wants to take an imprudent appeal, the lawyer properly may try to talk him out of it . . . . But if the defendant nonetheless insists of appealing, the lawyer must file the notice of appeal and represent his client earnestly unless relieved by the court of appeals.

*Id.* **at 718-19**.

Therefore, it appears that "excusable neglect" exists in this situation to warrant an extension of time due to attorney abandonment. Defendant wanted to appeal the Court's finding of incompetency, but his attorney refused to do so. Although his attorney's refusal seems to have been made in good faith to uphold the law he believed proper, considering **Castellanos**, his attorney should have filed the Notice of Appeal. Therefore, Defendant's Motion for Leave to Grant Extension to File Notice of Appeal (Doc. 74) is hereby **GRANTED** pursuant to **FEDERAL RULE OF APPELLATE PROCEDURE 4(b)(4)**. In so doing, Defendant's prior *pro se* Notice of Appeal (Doc. 63) is hereby considered as timely filed.

**IT IS SO ORDERED.**

Signed this 20th day of August, 2007.

/s/      DavidRHerndon
**United States District Judge**